## Bankers Trust Co. v. Phoenix Fashions, Inc.

*Mattes & Mattes*, for plaintiff.
*William P. Farrell*, for defendant.

ROBINSON, J., October 16, 1957.—These are preliminary objections to a complaint in assumpsit.

The complaint alleges that plaintiff is a New York banking corporation, that on or about October 22, 1956, one of its depositors drew and delivered a check payable to defendant, that thereafter the said depositor issued a stop payment order to plaintiff, that through "accident and mistake the plaintiff paid the check contrary to the direction of the stop payment order", that the depositor relying upon the stop payment order paid defendant "a second time", that plaintiff thereby became liable to its depositor and that defendant has become unjustly enriched at plaintiff's expense. The claim is stated as a quasi-contract based on defendant's unjust enrichment.

The preliminary objections allege that the complaint is insufficient: (1) In that a copy of the stop payment order is not attached; (2) because the time, place and manner of the second payment are not averred; (3) that the nature of plaintiff's obligation to its depositor is not alleged; and (4) that plaintiff has not pleaded a cause of action.

We are unanimous that the objections are without merit and that the complaint calls upon defendant to answer.

The pleading states a simple case of liability against defendant based upon unjust enrichment. The principles of unjust enrichment have become settled and embedded in our law. They apply in cases where, as here, a defendant has become enriched because of two payments, one of which is due to an accident and mistake of another. In such cases the law will provide redress for one suffiering because of the unjust enrichment of another. The gist of the action is unjust enrichment. This is here pleaded in a clear, concise and summary form as required by Pa. R. C. P. 1019. The

facts as alleged are, of course, to be taken as true under the preliminary objections.

It follows that plaintiff is not required to set forth concise copies of the stop payment order, or the evidence in connection with the second payment, or how plaintiff became legally indebted to its depositor. These are not necessary to a statement of plaintiff's claim. As the matters incident to both payments are well within the knowledge of defendant it remains only for it to answer the allegations that it has become unjustly enriched at plaintiff's expense.

Now, October 16, 1957, the preliminary objections to the complaint are overruled. Defendant is allowed 10 days in which to make answer. Exception for defendant.